UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAURENCE C. JONES, JR. | : | |
| | : | Docket No. 3:00CV368(CFD)(WIG) |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant-Appellee. | : | September 14, 2004 |

**OPPOSITION MEMORANDUM**

The defendant, Jo Anne Barnhart, Commissioner of the Social Security Administration ("Commissioner"), opposes the plaintiff's Rule 60(b) motion (and the corresponding motion for an extension of time nunc pro tunc). Plaintiff's motion is untimely and devoid of merit and should be summarily denied.

**I. Applicable Law**

A Rule 60(b)(2) motion seeking relief from judgment based on newly discovered evidence must be filed "not more than one year after the judgment . . . was entered or taken." Fed.R.Civ.P. 60(b). "To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence." State Street Bank and Trust Company v. Iversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004)(citation omitted). A rule 60(b) motion, moreover, cannot be granted unless newly discovered evidence is relevant and would probably produce a different result. See

Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003)(citing Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993). A district court's ruling on a Rule 60(b) motion is reviewed under an abuse of discretion standard. See Boule, 328 F.3d at 95; see also Devlin v. Transportation Communications Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999)(citation omitted).

**II. Background**

The plaintiff, Laurence Jones, has an extensive litigation history. More than 15 years ago, he was employed as an attorney at the U.S. Department of Health and Human Services, Social Security Administration. See Jones v. Shalala, No. 94-6229 (2d Cir. Mar. 31, 1995) (unpub.)(reproduced at Exhibit 2). His responsibilities included drafting opinions for administrative law judges. Id. In 1987, his work was deemed incompetent and he was fired for cause. Id. He sued the Commissioner in federal court, alleging that his termination violated the Civil Service Reform Act of 1978 and Title VII of the Civil Rights Act of 1964. Id. The district court granted summary judgment in the Commissioner's favor. Id. In 1995, the Second Circuit affirmed by summary order. See Jones v. Shalala, No. 94-6229 (2d Cir. Mar. 31, 1995) (unpub.)

On February 25, 2000, Jones filed another complaint against the Commissioner – the one that forms the basis of the present lawsuit – in this Court. He alleged, primarily, that because he was a preference-eligible veteran, the Social Security Administration was obligated to re-hire him. Initially, he claimed that the Commissioner's actions violated only Title VII of the Civil Rights Act of 1964. But Jones later withdrew and abandoned his Title VII claim, and pursued, instead, a claim under the Veterans Preference Act of 1944 ("VPA").

On August 29, 2000, Judge Droney referred the case to a Magistrate Judge Garfinkel for all purposes except trial. On December 29, 2000, the Commissioner filed a motion for judgment

on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  On August 12, 2002, Jones moved for partial summary judgment.  On August 27, 2002, the government filed an opposition to the motion for summary judgment and again moved for judgment on the pleadings.

On February 28, 2003, Magistrate Judge Garfinkel filed a recommended ruling denying Mr. Jones' motion for summary judgment and granting the government's motion for judgment on the pleadings, holding 1) that the Court lacked jurisdiction over Jones' Veterans Preference Act claim, and 2) that Jones failed to state a claim under the Veterans Preference Act upon which relief could be granted.  See Exhibit 3.

On March 17, 2003, Jones filed a motion seeking review of the recommended ruling, which Judge Droney construed as an objection to the recommended ruling.  On March 24, 2003, Judge Droney approved and accepted Magistrate Judge Garfinkel's recommended ruling, after a *de novo* determination of those portions of the ruling to which Mr. Jones had objected.  The district court entered judgment on March 25, 2003.

Jones filed a timely notice of appeal on May 19, 2003.  Following briefing and oral argument, the Second Circuit affirmed the judgment of the district court on May 19, 2004 by summary order.  Jones filed a petition for a panel rehearing.  The petition was summarily denied on August 23, 2004.

**III. Discussion**

Jones now, apparently, seeks to re-open the March 25, 2003 judgment of the district court, notwithstanding that the judgment has been affirmed by the Second Circuit.  He alleges that the judgment should be re-opened because he is in possession of "newly discovered evidence."  Plaintiff's Motion at 3.

For starters, Jones' motion is untimely. A motion seeking relief from judgment under Rule 60(b)(2) on the basis of newly discovered evidence must be filed "not more than one year after the judgment . . . was entered or taken." Fed.R.Civ.P. 60(b). Here, as noted, the judgment at issue was entered on March 25, 2003. Jones filed his motion seeking relief from that judgment roughly six months too late, on or about September 1, 2004.

In addition, Jones' motion is devoid of merit; and his representation that he is in possession of newly discovered evidence is patently false. The allegedly new evidence to which Jones alludes in his motion is a wholly irrelevant standardized form letter from SSA that Jones has been in possession of for more than a year. See Exhibit 1; see also Plaintiff's Motion at Exhibit 2. The form, which is dated July 31, 2003, was sent by SSA to Jones in response to a correspondence from him. See Exhibit 1. It simply indicates that SSA could not take any action on Jones' request – and it is unclear precisely what Jones' request to SSA was – because Jones did not include his social security number on the correspondence. Id. Jones received the SSA form on August 9, 2003 and responded to it on August 14, 2003. Id. (Jones' response was indicated on the form itself and sent back to SSA).

Furthermore, on November 10, 2003, Jones filed, with the Second Circuit, a motion to dismiss his pending appeal; and he attached a copy of the SSA form (including his response) with the motion to dismiss. Plaintiff's Motion at 2. The Second Circuit denied Jones' motion to dismiss. See Plaintiff's Motion at Exhibit 3. It did so on grounds that Jones had not complied with the dictates of Toliver v. County of Sullivan, 957 F.2d 47 (2d Cir. 1992). Id. In its ruling, the Second Circuit indicated that Jones could re-file his motion to dismiss, but only if he complied with Toliver, supra. Id. Specifically, the Second Circuit ruled that it would entertain Jones' motion to dismiss the appeal, and remand the case, only if Jones contacted the district

court and received permission from Judge Droney to file a Rule 60(b) motion in district court. Id.

Jones elected not to do so. He never contacted the district court concerning a possible remand. Instead, he proceeded with briefing and argument in the Second Circuit. And now, as noted, having received an unfavorable ruling from the Second Circuit, Jones seeks Rule 60(b) relief from the very judgment that was affirmed in the appeal he expressly elected to pursue.

In sum, Jones has not demonstrated that, despite due diligence, he was justifiably ignorant of any evidence, let alone newly discovered, relevant evidence that probably would have produced a different result in this case. See State Street Bank and Trust, 374 F.3d at 178 (citation omitted); Boule, 328 F.3d at 95. And the Court should, therefore, should deny his untimely motion.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
PATRICK F. CARUSO
ASSISTANT U.S. ATTORNEY
FED. BAR No. ct17984
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700

CERTIFICATE OF SERVICE

    This is to certify that a copy of the within and foregoing was mailed First Class, postage paid, on September 15, 2004, to:

Laurence C. Jones
43 Elder St.
New Haven, CT 06511

                                    PATRICK F. CARUSO
                                    ASSISTANT U.S. ATTORNEY