FAX (RETURN) 8/14/03
(LETTER REC'D IN MAIL 8/9/03)

SOCIAL SECURITY ADMINISTRATION
OFFICE OF CENTRAL OPERATIONS
1500 WOODLAWN DRIVE
BALTIMORE, MD 21241

Date: 7-31-03

Laurence C Jones, Jr. Esq. SS# 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
43 Eldert Street
New Haven, CT 06511

We cannot take action on the enclosed correspondence or document because you did not show the Social Security number of the worker. This number can be found on your Social Security card or on the Social Security card of the person about whose account you are writing. You can also find the number in the upper right-hand corner of any previous correspondence we may have sent. (Social Security numbers have nine digits arranged like this: 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).

Please list the Social Security number on the enclosed material and return it to us in the enclosed envelope. If you need help, please contact your local Social Security office or call 1-800-772-1213.

**PLEASE INCLUDE THE SOCIAL SECURITY NUMBER ON ALL FUTURE CORRESPONDENCE.**

GOVERNMENT EXHIBIT 1

Enclosure: Return envelope

I would appreciate an opportunity to offer any information required by the Administration.

*[signature: Laurence C Jones Jr.]*

DOCUMENTS MAILED UNDER SEPARATE COVER.

Form SSA-122

September 5, 2003

ON AUGUST 14, 2003, THE ABOVE CORRESPONDENCE WAS FAXED WITH REQUESTED SSN OF CORRESPONDENT TO THE OFFICE OF CENTRAL OPERATIONS, WITH DOCUMENTS "EXPRESS MAIL" MAILED UNDER SEPARATE COVER. THE UNDERSIGNED REQUESTS THE ADMINISTRATION TO PROVIDE ACTION TAKEN, OR TO BE CONSIDERED. MANDATORY TO INFORM U.S. APPEALS COURT.

*[signature]*
LAURENCE C. JONES, JR.
43 ELDERT STREET

CDC(nhct)
93-cv-1478
Covello

JMcL

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse in the City and County of New York, on the 31st day of March one thousand nine hundred and ninety-five.

Present:   HONORABLE JOSEPH M. McLAUGHLIN,
           HONORABLE DENNIS G. JACOBS,
                                  Circuit Judges,
           HONORABLE FRANK A. KAUFMAN,*
                                  District Judge.

[STAMP: UNITED STATES COURT OF APPEALS FILED MAR 31 1995 GEORGE LANGE, CLERK SECOND CIRCUIT]

-------------------------------------------------

LAURENCE C. JONES,

            Plaintiff-Appellant,

  - v. -                                          No. 94-6229

DONNA E. SHALALA, United States Department of
Health and Human Services,

            Defendant-Appellee.

-------------------------------------------------

Appeal from the United States District Court for the District of Connecticut (Covello, D.).

This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by the appellant pro se and by counsel for the appellee.

ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.

Laurence Jones appeals from an order entered August 10, 1994, granting summary judgment for the defendant.

In 1979, the Social Security Administration, Department of Health and Human Services ("SSA") hired Laurence Jones as an attorney. From 1981 to 1984, Jones filed

---

* Of the United States District Court for the District of Maryland, sitting by designation.

GOVERNMENT EXHIBIT 2

Jones v. Shalala, No. 94-6229

several discrimination complaints against the SSA, alleging that the SSA failed to promote him and retaliated against him because of his race. These claims were settled, and Jones was promoted to Attorney-Advisor, level GS-12, in 1984. In this position, Jones drafted memoranda, reports, and other written work products for administrative law judges ("ALJ"s).

In 1985, the SSA placed Jones on a performance improvement plan ("PIP"), which required Jones's work to meet at least a minimal standard of less than 11% of his draft decisions needing revision. Two months later, Jones was reassigned to another unit at the request of an ALJ, and the PIP was terminated. In 1986, after receiving several notifications that his work was inadequate, Jones was again placed on a PIP and was told that his work did not meet minimal standards. Due to his failure to improve, Jones received additional notifications, the PIP was extended to mid-1987, and the SSA informed him that further action would be taken as a result of his poor rating. Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging he was placed on the PIPs because of his race and as reprisal for his prior discrimination suits.

In late 1987, the SSA terminated Jones, stating that almost all of his work was unsatisfactory. Jones amended his complaint with the EEOC to include the SSA's decision to terminate him. In 1988, Jones filed an action in district court for reinstatement and damages. He then moved for a preliminary injunction and to remand the case to the EEOC, which had cancelled its review of his complaint when Jones filed the federal action. The district court denied the motion, and this Court affirmed in an order dated May 25, 1989 (2d Cir. Dkt. No. 89-6015). In 1990, the district court granted Jones's motion for a voluntary dismissal of his case without prejudice, and the EEOC reopened its administrative review of his complaint.

Pursuant to an internal review, the SSA issued a notice (but not a final decision) in 1991, proposing that its actions were not based on discrimination or reprisal. Jones filed a timely appeal with the Merit Systems Protection Board ("MSPB"), challenging the SSA's termination and review processes. The MSPB dismissed the appeal without prejudice, Jones refiled the appeal, and the MSPB issued a decision rejecting all Jones's claims and upholding his termination. In late 1992, Jones filed a petition with the EEOC to review the MSPB's decision; the EEOC agreed with the MSPB, finding no evidence of discrimination or reprisal.

In mid-1993, Jones brought suit in the District of Connecticut, alleging that (1) his removal violated the Civil Service Reform Act of 1978 ("CSRA") procedural requirements and Title VII of the Civil Rights Act of 1964; and (2) the MSPB erred in affirming the SSA's termination decision. The SSA moved for summary judgment. Jones moved for separate trials on the CSRA and Title VII claims, and partial summary judgment based upon the SSA's failure to follow proper procedures in effecting Jones's review and termination.

2

APR  3 '95 12:30    FROM U.S. ATTORNEY HTFD.    PAGE.003

Jones v. Shalala, No. 94-6229

Judge Covello granted the SSA's motion for summary judgment and denied Jones's cross-motions for summary judgment and severance of his two claims.

Jones appeals, pro se, arguing that the SSA committed error in (1) reviewing Jones's performance, terminating his position, and denying him access to certain case files; and (2) failing to disclose an ex parte communication regarding a proposal to demote rather than fire him.

1. Jones asserts that the SSA committed procedural error in reviewing his performance, terminating his position, and denying him access to certain files. To prevail on this claim, Jones must show, based on the record as a whole, that but for the error, the agency might have reached a different conclusion. CSRA, 5 C.F.R. § 1201.56(c)(3) (1994); see Handy v. United States Postal Serv., 754 F.2d 335, 337-38 (Fed. Cir. 1985). In reviewing final decisions of the MSPB, this Court must "review the record," CSRA, 5 U.S.C. § 7703(c) (1988), and affirm the MSPB decision if it is reasonably supported by relevant evidence. Boylan v. United States Postal Service, 704 F.2d 573, 575 (11th Cir. 1983), cert. denied, 466 U.S. 939 (1984).

The June 1987 memorandum from an ALJ to Jones (a) described the SSA's efforts with regard to giving and extending the PIPs; (b) referred to prior notices and verbal discussions regarding criticisms of Jones's performance; (c) pointed out several specific cases where Jones had failed to write clear and accurate decisions; and (d) attached a detailed chart, rating Jones's performance level to be zero. In addition, the SSA's proposed removal notice listed numerous deficiencies in Jones's work, including twenty-two examples of unacceptable draft decisions. Based upon these notifications, as well as the oral and written feedback from the ALJs, Jones clearly was placed on notice that he could be terminated if his work failed to improve.

Jones also claims that the SSA denied him access to certain files. Although the SSA did not provide Jones with four of the case files mentioned in its June 1987 memorandum, this error did not prejudice Jones. The MSPB examined over half the opinions drafted by Jones during the PIP period, and set out specific examples of deficiencies in each draft, including failure to follow instructions. Furthermore, in order to meet even the lowest standard of performance, Jones would have to show that less than eleven percent of his drafts required revision. Because the MSPB clearly determined that more than half the drafts were deficient, the district court was correct that there was "no plausible way" Jones could have proven a revision rating within the acceptable range, even if the four files had been available.

2. Jones also claims that the SSA erred by failing to disclose an ex parte communication regarding his supervisor's proposal to demote rather than fire him. An issue not properly set forth or decided by the MSPB is not subject to judicial review. Wallace v. Department of the Air Force, 879 F.2d 829, 832-33 (Fed. Cir. 1989). Because Jones did not

3

Jones v. Shalala, No. 94-6229

raise this issue before the MSPB and the MSPB did not address the issue in its decision, judicial review is improper. Moreover, Jones does not explain to what extent he was harmed by the alleged ex parte communication, especially since the SSA clearly notified him that his poor performance could result in termination.

The decision of the district court is AFFIRMED.

```
_____
HON. JOSEPH M. McLAUGHLIN

_____
HON. DENNIS G. JACOBS,
                        Circuit Judges.

_____
HON. FRANK A. KAUFMAN,
                        District Judge.
```

AND SHOULD NOT BE CITED OR OTHERWISE
RELIED UPON IN THE UNRELATED CASES
BEFORE THIS OR ANY OTHER COURT

4

GA 87

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 FEB 20  P 3: 28

LAURENCE C. JONES, JR.

V.                                           3:00CV368(CFD)

JO ANNE BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION

RECOMMENDED RULING ON PLAINTIFF'S MOTIONS FOR PARTIAL
SUMMARY JUDGMENT (DOCS. ## 34-1, 37-1) and DEFENDANT"S
MOTION FOR JUDGMENT ON THE PLEADINGS(DOC. #41-1)

The plaintiff, Mr. Jones, is an attorney who formerly worked for the Social Security Administration ("SSA"). Representing himself, Mr. Jones has litigated various matters against the SSA for last several years. In 1995, in the apparent culmination of almost fifteen years of claims, the Second Circuit affirmed the entry summary judgment against Mr. Jones on his claims of, among various things, racial discrimination. Jones v. Shalala, No.94-6229. In February, 2000, after two years of unsuccessful pursuit of retaliatory discrimination claims before the SSA and EEOC, plaintiff initiated the instant action. Mr. Jones, in his original complaint and amended complaint, alleged various instances of racial discrimination over two decades. Most significantly, Mr. Jones contended that the SSA lost, misplaced, or failed to produce his personnel file for a period of ten months; and that this conduct was continuing or retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964. Mr. Jones has since withdrawn his claim of retaliatory discrimination and now focuses on an allegation raised in various papers dealing with

GA 71

GOVERNMENT EXHIBIT 3

pending motions– namely, that he is entitled a veteran's preference reinstatement. In particular. Mr. Jones maintains that as a holder of a five point veteran's preference. he is entitled to employment pursuant to 5 U.S.C. Sections 3313 and 3314 and to money damages for "front pay."

The withdrawal of the Title VII claims is certainly reasonable, since most of the alleged conduct was addressed in the unsuccessful earlier litigation, and Mr. Jones was not an SSA employee during the ten-month period in which his file could not be located. Moreover, a discriminatory motive for losing track of a file in a government office would have likely been hard to prove. Plaintiff does, however, apparently contend that the file's unavailability made it difficult for potential employers to confirm his veteran's preference.

To the extent plaintiff claims he was denied reinstatement or appointment to competitive federal service in violation of civil service laws and regulations. such as Section 3314. this Court lacks subject matter jurisdiction over the claim    The Civil Service Reform Act required the plaintiff to exhaust his remedies before bringing an action in District Court    Mr Jones failed to do so. In particular, there is no indication that he appealed any decision of the defendant to the Merit Systems Protection Board. See, 5 U.S.C Section 7701(a)

Moreover, Mr. Jones's claim must fail because the Veteran's Preference Act, upon which he relies, does not apply to attorneys seeking employment with executive agencies. If Mr. Jones's contention is that he was improperly rejected for a position as an attorney, the Court must note that federal agencies are required to give veteran preference only "as far as administratively feasible" with respect to attorney positions. As defendant explains in her papers, SSA attorneys are part of "excepted" service. There is certainly no entitlement to reemploymnet, and there may not even be entitlement to an advantage in the process with respect to certain positions

2

Indeed, under the best of circumstances, someone with a veteran's preference is not, apparently contrary to plaintiff's assumption, guaranteed a position. Once a preference eligible veteran makes a request to the Office of Personnel Management("OPM"), the veteran is entitled to placement by OPM on a list of preference eligible candidates for positions for which the veteran is otherwise eligible. It does not even appear that SSA itself is the proper defendant for plaintiff's claims.

For all these reasons, defendant's Motion for Judgment on the Pleadings(DOC. # 41-1), which may be deemed in the alternative a motion for summary judgment, must be GRANTED. Plaintiff's Motions for Partial Summary Judgment (DOCS. ##34-1, 37-1) are DENIED. The Court further notes that plaintiff's pending motions for clarification (DOC. # 50-1) and for Review of Delay (DOC. # 52-1) are DENIED.

This is a recommended ruling. Any party may seek review by the District Judge within ten days pursuant to 28 U.S.C. Section 636(b)(1) and applicable procedural rules. Failure to seek timely review may compromise the right to seek appellate review.

So ordered, on February 28, 2003, at Bridgeport.

_____
William I. Garfinkel, U.S.M.J.